WEIMER, J.
WRIT GRANTED IN PART AND DENIED IN PART: The district court’s order requiring the state to provide the defense with the criminal history record information (commonly referred to as the “rap sheet”) on all of its lay witnesses hereby is vacated. The defense did not make any specific requests as to any particular witness, recognized that none of the witnesses were eye-witnesses to the crime alleged, and acknowledged the improbability that any of the witnesses had rap sheets.
The state is to provide the defendant the rap sheet on all witnesses that the state itself has or will evaluate. Stated succinctly in common vernacular: if the state has or will run a rap sheet on a particular witness, the state is to provide the defendant with the rap sheet of that witness.
Also, the state is to provide the rap sheet to the defendant for any witness for whom the defendant has made a specific request, as opposed to a generalized request, where the defendant has demonstrated a particularized need.
*380 The state is to produce the rap sheet on all eye witnesses whose testimony directly relates to the elements necessary to establish the commission of the crime with which the defendant is charged, and all witnesses whose testimony answers or raises significant questions as to the guilt or innocence of the accused, provided the defendant has established a particularized need. See State v. Robinson, 96-0353 (La.9/20/96); 679 So.2d 411.
All rap sheets are to be submitted to the district court for an in camera inspection for the court to weigh the privacy rights of the witnesses and for a determination of whether the documents contain any Brady material,[1] prior to submission to the defendant.
This ruling does not eliminate the requirement that the state provide all evidence that qualifies as Brady material.
GUIDRY, J., dissents and would deny the writ application.

. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).